UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.                                       )<br>)<br>)<br>)<br>TONY DIEP, a/k/a LONG ON DIEP,   )<br>                              Defendant  ) | Criminal No. 09-mj-720-KPN |

MEMORANDUM WITH REGARD TO GOVERNMENT'S
MOTION FOR DETENTION (Document No. 2)
November 10, 2009

NEIMAN, U.S.M.J.

Tony Diep ("Defendant") has been named in a four count indictment out of the Western District of New York dated October 1, 2009, charging him with a conspiracy between 2007 and April of 2008 to possess with intent to distribute and distributing 100 kilograms or more of marijuana, conspiracy to import 100 kilograms of marijuana from Canada, and wire fraud, in violation, variously, of 21 U.S.C. § 846, 21 U.S.C. § 963, 18 U.S.C. § 1956(h), 21 U.S.C. §§ 952(a) and 960 (a)(1), and 18 U.S.C. §2.  The Government moved for detention pursuant to 18 U.S.C. § 3142(e) and (f), asserting that Defendant presents a risk of flight and a danger to the community.

After Defendant was temporarily detained, a hearing on the Government's motion was held on November 3, 2009, at which time the court ordered that Defendant be detained.  Given the likelihood that a reconsideration of the court's ruling may well be sought in the Western District of New York (see Document Nos. 8 and 9), the court

now memorializes its decision.

## I. Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, a defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

The Supreme Court has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). For this reason, a defendant may be detained only if the judicial officer finds by (1) *clear and convincing evidence*, that the defendant is a danger to the community, or (2) *a preponderance of the evidence*, that the defendant poses a risk of flight. See 18 U.S.C. § 3142(f); *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987); *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986). Furthermore, the judicial officer "may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c).

The Bail Reform Act establishes a two-step procedure for making the determination that a defendant should be detained. First, the Government is entitled to move for detention when a defendant has been charged with an offense enumerated in the Act for which Congress has determined that detention is warranted. *See* 18 U.S.C. § 3142(f)(1). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the defendant and the safety of the community against any danger posed by the defendant's pretrial release. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether "any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Government is aided by the statutory presumptions created by 18 U.S.C. § 3142(e). Where the offense charged is one of the offenses enumerated in section 3142(f)(1), a rebuttable presumption is created by section 3142(e), that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the defendant has been convicted of a federal offense that is described in section 3142(f) or an offense under state law that would have been described in section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense.

The Government may invoke the same rebuttable presumption if the judicial

officer finds probable cause to believe that the defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed in (a) the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).

In making the determination as to whether a defendant overcomes the statutory presumption of 18 U.S.C. § 3142(e), the judicial officer is compelled to consider the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). The Government has invoked the rebuttable presumption in the instant case.

> II. <u>Finding of Facts and Discussion of Whether Detention is Warranted</u>

The court makes the following factual findings and conclusions of law after

hearing testimony and reading the various letters submitted on Defendant's behalf.

### A.  Nature of Offense: § 3142(g)(1)

As described, Defendant has been charged with a number of drug and wire fraud offenses centering on actions of Defendant from 2007 to April of 2008 importing and/or distributing over 100 kilograms of marijuana.  The Government has indicated that Defendant faces a mandatory minimum sentence of five years, with the possibility that he may be safety-valve eligible, in which case he could face 63 to 78 months after trial and 36-44 months with a change of plea should the Sentencing Guidelines be followed.

### B.  The Weight of the Evidence: § 3142(g)(2)

The court is uncertain as to the weight of the case against Defendant but does note that, upon his arrest in Northampton, Massachusetts, Defendant had nearly $15,000 in cash on him, his girlfriend had over $13,000 in cash in her pocketbook, and over 133 pounds of marijuana was found in Defendant's car and home, indicating that Defendant's drug activities may well have continued past the conspiracy end-date of April 9, 2008

### C.  History and Characteristics of Defendant: § 3142(g)(3)(A)

Defendant was born in Vietnam and is forty-three years old.  He has a high school education (in Vietnam) and is a United States citizen.  Defendant has lived in the Springfield/Northampton area for approximately eleven years.  His mother resides in Vietnam, as do his two sisters and six brothers.  Defendant is currently separated from his wife, Nina Diep, whom he married in 1982 in Vietnam; they have two children, a son age 18 and a daughter age 20.  He has had a relationship with Karen Tran for

the last two years or so.

Defendant claims to work on weekends as a nail salon technician, although attempts to verify that representation were unsuccessful. Defendant has no criminal record and reports that he has no medical problems.

### D. Probation Status of Defendant: § 3142(g)(3)(B)

It appears that the charged crimes were not committed while Defendant was on probationary or parole status.

### E. Whether Defendant Poses a Risk to the Community:  § 3142(g)(4)

The Government's assertion to the contrary, the court does not believe that Defendant, if released, would pose a danger to the community.

### F. Whether Defendant Poses a Risk of Flight: § 3142(e)

The court believes that Defendant poses a serious risk of flight. While Defendant does have family ties to this area, he also has significant family ties to Vietnam, where he recently traveled, the charged offenses include travel to and from Canada and, given the large amount of case he had when arrested, Defendant may well have the financial wherewithal to flee. In addition, the court has determined that there are no combinations of conditions which would guard against Defendant's flight. In particular, the court does not believe that the conditions of release proposed by Defendant (see Document No.7) would serve as a reasonable guard against that risk.

Defendant's financial status and history is shrouded in mystery. The property in which he resides stands in the name of his estranged wife, not his, the source of the money with which that property was purchased is unclear, the numerous automobiles

6

which Defendant listed as part of his assets are, evidently, in the names of other individuals (including his wife, his children and a Mr. Doan), and Defendant, evidently, has spent an inordinate amount of time at gambling casinos in Connecticut. Perhaps most importantly, the court is disinclined to accept the Randolph, Massachusetts, property offered by Vendy Tran, the twenty-five year old daughter of Karen Tran, Defendant's present girlfriend, and a Phu Doan. Ms. Tran and Mr. Doan -- who themselves were boyfriend/girlfriend until several years ago -- purchased the Randolph property in November of 2008 for approximately $310,000 with at least a $110,000 down payment. The sources of that down payment, however, are quite curious. Mr. Doan, who resides in Connecticut, put no money towards the house himself, has never lived there and, as he testified in court, was simply a co-signer of the loan. Ms. Tran, who has been laid off since February of 2009, testified to have put approximately $30,000 of her own money toward the house and to have received various "loans" and "gifts" from a variety of aunts and uncles, two for $30,000 and one for $20,000, although she did not even know the current whereabouts of at least one of the donors. Moreover, given her layoff, she needs ongoing assistance from her mother and others to keep up the $1600 monthly payments on the property. Finally, she has only had a short term relationship, through her mother, with Defendant. Given these facts, the court has little confidence that the risks to Ms. Tran and/or Mr. Doan are sufficient to assure Defendant's compliance with the proposed conditions of release. In the court's view, it is better to ensure that Defendant gets to the Western District of New York in the custody of the marshal's office.

Accordingly, Defendant has been detained.

IT IS SO ORDERED.

DATED:   November 10, 2009

                                                  /s/ Kenneth P. Neiman  
                                                KENNETH P. NEIMAN  
                                                U.S. Magistrate Judge